UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AKO K. BURRELL,

                    Plaintiff,

                                      9:22-CV-0701
v.                                   (GTS/MJK)

M. RUSHFORD, Nurse Administrator of CCF; and
MESIC, Corr. Ofcr.,

                    Defendants.
_____

APPEARANCES:                         OF COUNSEL:

AKO K. BURRELL
  Plaintiff, *Pro Se*
Oneida County Correctional Facility
6075 Judd Road
Oriskany, NY 13424

HON. LETITIA A. JAMES               AIMEE COWAN, ESQ.
Attorney General for the State of New York    Assistant Attorney General
  Counsel for Defendants
300 South State Street, Suite 300
Syracuse, NY 13202

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* prisoner civil rights action filed by Ako K.

Burrell ("Plaintiff") against the above captioned individuals ("Defendants"), asserting

under 42 U.S.C. §1983, are (1) United States Magistrate Judge Mitchell J. Katz's Report-

Recommendation recommending that Defendants' motion for summary judgment be granted, and

that Plaintiff's Amended Complaint be dismissed with prejudice, (2) Plaintiff's Objections to the

Report-Recommendation, and (3) Plaintiff's letter-motion for an adjournment.  (Dkt. Nos. 88,

92-94, 95.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Katz's thorough Report-Recommendation, the Court can find no error in any portions of the Report-Recommendation to which Plaintiff has specifically objected, and no clear error in the remaining portions of the Report-Recommendation:[1] Magistrate Judge Katz has employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. (Dkt. No. 88.) As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. (*Id*.) To those reasons, the Court adds the following five points.

First, the Court rejects Plaintiff's argument (in his Objections) that he exhausted both his Eighth Amendment inadequate-conditions-of-confinement claim and his First Amendment retaliation claim against Defendant Rushford, because Defendants have "fail[ed] to provide [his] entire grievance . . . [file] to the Court[]." (Dkt. No. 92, at 1.) "A plaintiff's unverifiable

---

[1]      To be "specific," an objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim."). When no specific objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

contention that his grievance or appeal must have been lost or destroyed is generally not enough to defeat a motion for summary judgment." *Bishop v. Presser*, 16-CV-1329, 2018 WL 7917915, at *5 (N.D.N.Y. Dec. 28, 2018) (Baxter, M.J.), *report-recommendation adopted*, 2019 WL 442154 (N.D.N.Y. Feb. 5, 2019) (D'Agostino, J.); *accord*, *Rodriguez v. Cross*, 15-CV-1079, 2017 WL 2791063, at *7 (N.D.N.Y. May 9, 2017) (Hummel, M.J.) ("Courts in this Circuit have continuously held that mere contentions or speculation of grievances being misplaced by officers do not create a genuine issue of material fact when there is no evidence to support the allegations.") (collecting cases), *report-recommendation adopted*, 2017 WL 2790530 (N.D.N.Y. June 27, 2017) (Suddaby, C.J.).

Second, the Court also rejects Plaintiff's argument that he exhausted those claims against Defendant Rushford (which both arose from her "refusal to provide Plaintiff with a vaccine" and "cleaning supplies," *see* Dkt. No. 23, at ¶¶ 41, 64, 65 [Plf.'s Am. Compl.]), because he filed a grievance (specifically, Grievance No. CL-0395-21) that accidentally misspelled Defendant Rushford's name as Nurse "Ashford." (Dkt. No. 92, at 3.)[2] Even when construed with the utmost of special leniency, Grievance No. CL-0395-21 alleges neither that Plaintiff was denied a vaccine nor that he was denied cleaning supplies. (*See generally* Dkt. No. 63, Attach. 6.) As a result, it did not allow prison officials to take appropriate responsive measures. *See Johnson v. Testman*, 380 F.3d 691, 697 (2d Cir. 2004) ("In order to exhaust, therefore, inmates must provide enough information about the conduct of which they complain to allow prison officials to take appropriate responsive measures."); *see, e.g., Wilson v. McKenna*, 661 F. App'x 750, 752 (2d Cir.

---

[2]     The Court also rejects Plaintiff's related argument that Grievance Nos. CL-0055-21 and/or CL-1146-20 "make[] mention of [Defendant] Rushford . . . ." (Dkt. No. 92, at 2.) They do not. (*See generally* Dkt. No. 63, Attach. 5; Dkt. No. 63, Attach. 7.)

2016) (finding that plaintiff failed to exhaust excessive force claim where one grievance form he filed "requested only medical care in the narrative portion of the form" and the other grievance form "mentioned the alleged incident with [defendant], but complained only about his lack of medical treatment").

Third, the Court finds that, because Plaintiff's Objections do not specifically challenge Magistrate Judge Katz's alternative grounds for granting Defendants' motion for summary judgment (i.e., the merits of Plaintiff's Eighth Amendment and First Amendment claims), those portions of the Report-Recommendation are subject to only a clear-error review, which they survive. *See, supra,* note 1 of this Decision and Order. In any event, the Court finds that those portions would survive the de novo review governing the consideration of a contested report-recommendation.

Fourth, the Court rejects any attempt by Plaintiff to assert, at this late stage of the proceeding, a new claim that Defendants Mesec and Rushford *conspired* to "plot & discuss" Plaintiff's COVID-19 quarantine status. (Dkt. No. 92, at 2.) Even when construed with the utmost of special leniency, Plaintiff's Amended Complaint (which expressly asserts numerous claims) is conspicuously absent of any such conspiracy claim (as well as any factual allegations consistent with such a claim). (*See generally* Dkt. No. 23.) "[P]ermitting Plaintiff to drastically change the landscape of his claims at such a late stage of the action . . . would unduly prejudice Defendants, who spent the time and expense of filing two comprehensive and lengthy motions for summary judgment on the claims asserted in Plaintiff's Complaint, and who would not have the benefit of conducting discovery on such new claims before trial." *Matiyn v. Allen*, 06-CV-1503, 2010 WL 3880510, at *4 & n.9 (N.D.N.Y. Sept. 28, 2010) (Suddaby, J.) (collecting

cases).

Fifth, the Court rejects any attempt by Plaintiff to expand the record on Defendants' motion for summary judgment during the Objection phase of this proceeding. (*See generally* Dkt. No. 94, Attachs. 1-3.) *See also Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").[3] Plaintiff had a full and fair opportunity to oppose Defendants' motion but failed to do so. (Dkt. No. 88, at 3-5.) The Court finds that it would frustrate the purpose of the Federal Magistrates Act of 1968 to permit Plaintiff to present any new evidence now.

For all of these reasons, Defendants' motion for summary judgment is granted, and Plaintiff's Amended Complaint is dismissed.

Finally, Plaintiff's letter-motion for an adjournment is denied as procedurally improper (specifically by failing to cite the rule or statute on which the motion is based, as required by N.D.N.Y. L.R. 7.1[b][1], and by failing to clearly state the nature of proposed relief and the

---

[3]     *Cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

grounds for that relief, as required by Fed. R. Civ. P. 7[b][1][B],[C]) and alternatively as unsupported by a showing of cause and/or as moot.  (Dkt. No. 95.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 88) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 63) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 23) is **DISMISSED** with prejudice; and it is further

**ORDERED** that Plaintiff's letter-motion for an adjournment (Dkt. No. 95) is **DENIED**.

Dated:   March 25, 2025
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge